AO 91 (Rev. 11/11) Criminal Complaint

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

United States Courts
Southern District of Texas
**FILED**
*August 01, 2025*
Nathan Ochsner, Clerk of Court

United States of America
v.
Brandy Star SHIPMAN

*Defendant(s)*

Case No. **4:25-mj-0461**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  June 5, 2025 to July 1, 2025  in the county of  Harris  in the
Southern  District of  Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 1. Title 21 U.S.C. Sections 841(a)(1) and 841 (b)(1)(A) | 1. Possession with Intent to Distribute Methamphetamine |

This criminal complaint is based on these facts:
See Affidavit

☒ Continued on the attached sheet.

*Jason B Rogers*
*Complainant's signature*

Jason B Rogers / TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephonically

Date: August 01, 2025

*Richard W. Bennett* (signature)
*Judge's signature*

City and state: Houston, Texas

Richard W. Bennett, United States Magistrate Judge
*Printed name and title*

Sealed
Public and unofficial staff access to this instrument are prohibited by court order

4:25-mj-0461

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jason Rogers, being duly sworn telephonically, depose and state as follows:

1. Affiant is an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, Affiant is an officer of the United States authorized by law to conduct investigations of and make arrests for offenses enumerated in Title 18, United States Code, Section 2516.  Affiant has been a Task Force Officer for the Drug Enforcement Administration (DEA) since October 1, 2018, and Affiant is currently assigned to the Houston Field Division in Houston, Texas.  Prior to becoming a Task Force Officer, Affiant was assigned to the Harris County Precinct Five Constable's Office Narcotic Division and have been assigned to narcotics for approximately 12 years and still currently employed with the Harris County Precinct Five Constable's Office and assigned to the Organized Crime Drug Enforcement Task Force (OCDETF) Group D44 with the Drug Enforcement Administration as a Task Force Officer and has been a Texas Peace Officer for approximately 16 years.  I have received courses of instruction from DEA relative to the investigative techniques and the conducting of drug and financial investigations.  I have participated in and conducted investigations which have resulted in the arrests of individuals who have smuggled, received and distributed controlled substances, including marijuana, cocaine, methamphetamine, fentanyl and heroin, as well as the seizure of illegal drugs and proceeds of the sale of those illegal drugs.  In addition, I have conducted, in connection with these and other cases, follow up investigations concerning the concealment of drug produced assets, money, bank records, etc., and the identification of drug conspirators through the use of ledgers, telephone bills and records, photographs and bank checks, as related to drug trafficking. I have participated in

investigations involving the interception of wire and electronic communications and am familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing drugs, their use of cellular devices, and their use of numerical codes and code words to conduct their illegal transactions.

2. Based upon my training, experience, and participation in narcotics trafficking which have resulted from violations of the Title 21, I prepared this Affidavit in support of a criminal complaint charging **Brandy Star SHIPMAN** with violating Title 21 U.S.C. § 841(a)(1) and § 841 (b)(1)(A), possession with intent to distribute methamphetamine.

3. Since this Affidavit is for the limited purpose of establishing probable cause to support the Criminal Complaint, it contains only a summary of relevant facts. I have not included every fact known to me concerning the entities, individuals, and the events described in this Affidavit. The statements made in this Affidavit are based in part on my personal observations and involvement in this investigation, and information provided to me by other law enforcement officers and databases.

## PROBABLE CAUSE

4. The United States, including the Drug Enforcement Administration (DEA), and Texas Department of Public Safety (DPS), is conducting a criminal investigation of the drug trafficking activities being conducted by Brandy Star SHIPMAN, AKA Benny SHIPMAN, in the Houston, Texas area.

5. On March 27, 2025, Agents with the Drug Enforcement Administration and Texas Department of Public Safety conducted a debrief with a Cooperating Defendant (hereinafter CD) out of the Montgomery County, Texas District Attorney's Office. During this debrief, the CD identified Brandy SHIPMAN (hereinafter SHIPMAN) as a methamphetamine retail dealer operating out

of the Houston, Texas area. The CD advised that SHIPMAN was responsible for facilitating multi-kilogram methamphetamine transactions.

6. On June 3, 2025, agents directed CD to contact SHIPMAN via cellular telephone for purposes of facilitating an introduction of an Undercover Agent, (hereinafter referred to as UC), to SHIPMAN. This phone call was recorded and monitored by controlling agents. I dialed cellular telephone number (346) 738-3325 for this recorded call. During the conversation, SHIPMAN agreed to supply the UC with approximately nine to eighteen ounces of methamphetamine on or about June 5, 2025.

7. On June 5, 2025, at approximately 12:41 p.m., UC placed a recorded call to cellular telephone number (346) 738-3325 and personally spoke to SHIPMAN. During this conversation, SHIPMAN quoted a price of $2,200.00 for eighteen ounces of methamphetamine and confirmed with the UC that SHIPMAN would meet the UC at approximately 2:45 p.m. in the Ikea parking lot located at 7810 Katy Fwy, Houston, Texas.

8. On June 5, 2025, agents established surveillance in the parking lot of 7810 Katy Fwy, Houston, Texas. While waiting on SHIPMAN to arrive at the meet location, agents learned that SHIPMAN was nervous about meeting with the UC and wanted the CD to be present. Agents directed the CD to meet with the UC in the parking lot to wait together. As UC and CD continued to wait, SHIPMAN told UC during a recorded phone call that she would be driving a burgundy Chrysler 300. On this date, at approximately 7:45 p.m., agents observed SHIPMAN arrive in the parking lot and park next to the UC vehicle. The UC exited the UC vehicle and contacted SHIPMAN at her driver side window. SHIPMAN confirmed the price of $2,200.00 U.S.C. and instructed the UC to hand the purchase money to the CD who was now seated in the front passenger seat of SHIPMAN's vehicle. Once the UC handed the CD

the money, SHIPMAN told the UC that the methamphetamine was not with her, further stating that she put it out of the parking lot before arriving. The UC then took the money back and was instructed by SHIPMAN to follow her to the new location to conduct the transaction. The UC followed SHIPMAN to the parking lot of the Harris County, Texas Precinct Four Freed Park, located at 6816 Shadyvilla Ln, Houston, Texas 77055.

9. Once the UC parked, the CD walked over to UC and notified the UC that SHIPMAN wanted the UC to give the purchase money to the CD and for the CD to walk over to the nearby park gazebo and meet with SHIPMAN's associate, identified as Heather HARKEY (hereinafter HARKEY) to conduct the transaction. The UC handed the CD the money and watched as the CD walked over and sat next to HARKEY. The UC observed the CD hand the money to HARKERY, who in return, handed the CD an HEB chip bag. SHIPMAN was out of her vehicle overseeing the transaction. The CD walked back to the UC vehicle and handed the UC the HEB chip bag that contained the methamphetamine. Agents conducted presumptive field testing utilizing TruNarc with positive results for methamphetamine. The approximate weight was 510 grams.

10. On June 30, 2025, SHIPMAN contacted the UC and advised that she had kilograms of methamphetamine available for $3,500.00 U.S.C. per kilo. During recorded communications between the UC and SHIPMAN, they agreed to meet on the following day, July 1, 2025, to conduct the transaction. On July 1, 2025, SHIPMAN instructed the UC to meet her at the Don Tono Mexican Food Bar & Grill located at 15323 Gulf Fwy, Houston, Texas 77034. Agents established surveillance of this location and surrounding area. The UC arrived in the parking lot and met with SHIPMAN inside of the restaurant. While conversing with the UC, SHIPMAN received a phone call. After the phone call was finished, SHIPMAN told the UC

that the methamphetamine had arrived and that she was going to walk over to get it and bring it back to the UC. While this was taking place, surveillance observed an unknown black male walk over to SHIPMAN's vehicle and place a bag inside of her car. SHIPMAN exited the restaurant, walked over to her vehicle, and retrieved the bag that surveillance observed to be placed in her vehicle. As SHIPMAN was walking back over towards the UC, arresting officers moved in and detained SHIPMAN. SHIPMAN turned over the bag she was carrying which contained approximately 2 kilograms of methamphetamine packaged in a square wooden like frame wrapped in foil and plastic wrap. Agents conducted presumptive field testing utilizing Tru Narc with positive results for methamphetamine.

11. Based upon the above, I submit there is probable cause to believe that **Brandy Star SHIPMAN** knowingly and intentionally violated Title 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A), possession with intent to distribute methamphetamine.

Respectfully submitted:

*Jason B Rogers*
_____
Jason Rogers, Task Force Officer
Drug Enforcement Administration

Sworn and subscribed to by telephone on this 1st day of August 2025, and I hereby find probable cause.

*Richard W Bennett*
_____
Richard W. Bennett
United States Magistrate Judge